UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**HENRY LEO EAGLIN, JR. (#161265)**      **CIVIL ACTION**

**VERSUS**

**STATE OF LOUISIANA**      **NO. 23-00488-BAJ-EWD**

## RULING AND ORDER

On June 26, 2023, Petitioner, an inmate incarcerated at the Louisiana State Penitentiary, filed a complaint pursuant to 42 U.S.C. § 1983 which, properly construed, challenges the constitutionality of his ongoing confinement on the basis that he was not convicted by a unanimous jury. (Doc. 1). The Magistrate Judge has now issued a Report and Recommendation, which acknowledges the nature of Petitioner's claims, and recommends dismissal on the basis that such claims "may only be brought in a habeas corpus proceeding under 28 U.S.C. § 2254." (Doc. 4 at p. 3). Petitioner objects to dismissal, and makes clear that the relief he seeks is exclusively in the nature of a habeas petition. (*See* Doc. 5 at pp. 3-5).

Upon de novo review, and having carefully considered Petitioner's Complaint, the Report, and Petitioner's objections, the Court **APPROVES** the Report and **ADOPTS** it as the Court's opinion in this matter.[1]

Accordingly,

**IT IS ORDERED** that Petitioner's constitutional claims be and are hereby

---

[1] Petitioner is advised that construing the complaint as a habeas petition pursuant to 28 U.S.C. § 2254 would be futile because, as noted in the objection, the United States Supreme Court has held that the unanimous jury requirement announced in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020), is not retroactive. *Edwards v. Vannoy*, 141 S. Ct. 1547 (2021).

**DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's potential state law claims.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 31st day of January, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**